# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DIANA ALITRE GONYA, | CASE NO. 16cv1160 DMS (PCL) |
|---|---|
| Plaintiff, | **ORDER (1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND (2) GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

On October 31, 2012, Plaintiff Diana Alitre Gonya ("Plaintiff") filed an application for disability income benefits. Plaintiff's claim was denied initially, after which she requested a hearing before an Administrative Law Judge ("ALJ"). ALJ Leland H. Spencer held a hearing on November 4, 2014, during which he heard testimony from Plaintiff, medical expert Arthur Lorber, M.D. and vocational expert ("VE") Connie Guillory. On January 5, 2015, ALJ Spencer issued a written decision finding Plaintiff not disabled. (Administrative Record ("AR") at 7-16.) Plaintiff filed a request for review of that decision, which the Appeals Council denied on March 18, 2016. Plaintiff filed the present case on May 13, 2016.

Plaintiff now moves for reversal and remand of Defendant's decision to deny her benefits. Defendant Carolyn W. Colvin, in her capacity as Commissioner of the Social Security Administration, opposes Plaintiff's motion and cross-moves for summary

/ / /

judgment. For the reasons discussed below, the Court denies Plaintiff's motion for summary judgment, and grants Defendant's cross-motion for summary judgment.

## I.
## BACKGROUND

Plaintiff is a 42-year old female with past relevant work experience as a security guard and prep cook. (AR at 183.) In June 2011, she injured her right elbow. (*Id.* at 219.) After a course of conservative treatment, including cortisone injections, Plaintiff underwent surgery on her elbow, specifically a topaz microtenotomy on October 5, 2012. (*Id.* at 248.) Following surgery, Plaintiff received physical therapy, and on December 20, 2012, she reported being pain free and "independent" in activities of daily living. (*Id.* at 258.) Plaintiff thereafter began to complain of renewed pain in her right elbow, and received another cortisone injection, among other treatment. (*Id.* at 294-95.)

In his decision denying Plaintiff's claim, the ALJ found Plaintiff had:

> the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant may lift 20 pounds occasionally, and 10 pounds frequently; may sit for 6 hours out of an 8 hour workday; may stand and/or walk for 6 hours out of an 8 hour workday; and the claimant's right wrist and hand are limited to no more than occasional gross and fine manipulative activities.

(*Id.* at 10.) The ALJ also found Plaintiff's "statements concerning the intensity, persistence and limiting effects of" her symptoms were not entirely credible for several reasons. (*Id.* at 11.) He specifically stated Plaintiff's statements were:

> inconsistent with her level of activity. She is able to cook; clean her house; tend her garden and remove weeds with a weed whacker; hold her German Shepherd's leash during bi-daily walks. Furthermore, her allegations are inconsistent with the medical record ..., which overall shows that the claimant's use of her right elbow is not severely limited, and that her nerves, bones, muscles, and tendons are generally intact.

(*Id.*) After reviewing the medical records, the ALJ concluded, consistent with the testimony of the VE, that

/ / /

Plaintiff was capable of performing her past relevant work as a security guard. (*Id.* at 15.)

## II.
## DISCUSSION

Plaintiff raises two arguments in her motion for summary judgment. First, she asserts the VE's testimony contradicted the Dictionary of Occupational Titles ("DOT"), which required the ALJ to inquire about that conflict. Plaintiff argues the ALJ's failure to so inquire was error. Second, Plaintiff asserts the ALJ failed to articulate legally sufficient reasons for rejecting Plaintiff's statements about her limitations. Defendant disputes there was anything improper about the ALJ's analysis, and urges the Court to affirm the Commissioner's decision denying Plaintiff's request for benefits.

**A.  Legal Standard**

Under the Social Security Act, "disability" is defined as the:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C. § 423(d)(1)(A). The impairment must be so severe that the claimant "is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work." 42 U.S.C. § 423(d)(2)(A). In addition, the impairment must result "from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory techniques." 42 U.S.C. § 423(d)(3).

A court cannot set aside a denial of benefits unless the Commissioner's findings are based upon legal error or are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986); *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995). It is more

than a scintilla but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975).

To determine whether substantial evidence exists to support the ALJ's decision, a court reviews the record as a whole, not just the evidence supporting the decision of the ALJ. *Walker v. Matthews*, 546 F.2d 814, 818 (9th Cir. 1976). A court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). In short, a court must weigh the evidence that supports the Commissioner's conclusions and that which does not. *Martinez*, 807 F.2d at 772.

If there is substantial evidence to support the decision of the ALJ, the decision must be upheld even when there is evidence on the other side, *Hall v. Secretary*, 602 F.2d 1372, 1374 (9th Cir. 1979), and even when the evidence is susceptible to more than one rational interpretation. *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984). If supported by substantial evidence, the findings of the Commissioner as to any fact will be conclusive. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981).

**B.     VE Testimony and the DOT**

During the hearing on Plaintiff's application, the ALJ asked the VE about Plaintiff's past relevant work. (AR at 55.) The VE described Plaintiff's past relevant work as a "[s]ecurity guard, 372.667-038." (*Id.*) The DOT defines this occupation, Merchant Patroller, as follows:

> Patrols assigned territory to protect persons or property: Tours building and property of clients, examining doors, windows, and gates to assure they are secured. Inspects premises for such irregularities as signs of intrusion and interruption of utility service. Inspects burglar alarm and fire extinguisher sprinkler systems to ascertain they are set to operate. Stands guard during counting of daily cash receipts. Answers alarms and investigates disturbances. Apprehends unauthorized persons. Writes reports of irregularities. May call headquarters at regular intervals, using telephone or portable radio transmitter. May be armed with pistol and be uniformed. May check workers' packages and vehicles entering and leaving premises.

*Dictionary*, 372.6670-038, 1991 WL 673101. The VE opined a hypothetical person with Plaintiff's RFC could perform this occupation. (AR at 56.) The ALJ adopted the

VE's conclusion in his written decision, stating Plaintiff could perform the work of a Merchant Patroller, "as it was actually performed." (*Id.* at 15.)

Plaintiff argues the ALJ erred when he failed to inquire of the VE whether Plaintiff would be able to perform the occupation of "Merchant Patroller," which requires frequent handling, *Dictionary*, 372.6670-038, 1991 WL 673101, given her limitation to "no more than occasional gross handling" with her right wrist and hand. Notably, Plaintiff fails to cite any authority to support her argument that this was error. Case law cited by Defendant, however, suggests it was not. *See Pierre v. Colvin*, No. CV 15-02944-DTB, 2016 WL 492430, at *2 (C.D. Cal. Feb. 5, 2016) (finding no conflict between DOT and VE testimony where DOT did "not contain a requirement of bilateral reaching, handling, and fingering" for the position); *Palomares v. Astrue*, 887 F.Supp.2d 906, 920 (N.D. Cal. 2012) (finding no conflict between VE testimony and DOT where DOT did "not explicitly require constant reaching with *both* arms."); *Madrid v. Astrue*, No. EDCV 10-1288 AJW, 2011 WL 2444909, at *4-5 (C.D. Cal. June 17, 2011) (finding no conflict between DOT and VE testimony where DOT did not contain any requirement of bilateral fingering ability or dexterity); *Feibusch v. Astrue*, No. 07-00244 BMK, 2008 WL 583554, at *5 (D. Hawai'i Mar. 4, 2008) (finding no conflict between VE's testimony and DOT where DOT did not "explicitly state that the use of both arms is required). As in the cases cited by Defendant, the DOT definition of Merchant Patroller does not require bilateral handling, *Dictionary*, 372.6670-038, 1991 WL 673101, and thus there was no conflict between the VE's testimony and the DOT for the ALJ to resolve. There was no error.

**C.    Plaintiff's Testimony**

Next, Plaintiff argues the ALJ failed to give legally sufficient reasons for rejecting Plaintiff's testimony about her limitations. Plaintiff specifically takes issue with the ALJ's rejection of Plaintiff's testimony that she was limited to carrying ten pounds and what Plaintiff describes as the "dexterity testimony." Defendant claims there was no error.

In his written decision, the ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of" her symptoms were "not entirely credible" because they were inconsistent with Plaintiff's level of activity and inconsistent with the medical record. (AR at 11.) The ALJ specifically cited Plaintiff's ability "to cook; clean her house; tend her garden and remove weeds with a weed whacker; hold her German Shepherd's leash during bi-daily walks." (*Id.*) The ALJ also described the overall medical record as showing "that the claimant's use of her right elbow is not severely limited, and that her nerves, bones, muscles, and tendons are generally intact." (*Id.*)

Plaintiff does not dispute that the evidence supports the ALJ's reasons for rejecting Plaintiff's credibility. Instead, she offers nuanced arguments about those reasons, *e.g.*, that the ALJ failed to specify "what Gonya cooks[]" and failed to note which hand she used to operate the weed whacker and to carry her dog's leash. (Mem. of P. & A. in Supp. of Pl.'s Mot. at 9.) These arguments do not show the ALJ's assessment of Plaintiff's credibility was in error. On the contrary, the ALJ provided "clear and convincing reasons, supported by evidence in the record," *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015), to support his credibility determination.

### III.
### CONCLUSION

For the reasons discussed above, Plaintiff's motion for summary judgment is **DENIED**, and Defendant's cross-motion for summary judgment is **GRANTED**. The Clerk shall enter judgment accordingly, and terminate this case.

**IT IS SO ORDERED**.

DATED: May 23, 2017

_____
HON. DANA M. SABRAW
United States District Judge